UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIEL RIVERA and | : |
| MADELINE RIVERA, individually | : |
| and as husband and wife, | : |
| 336 N. Marshall Street | : |
| Lancaster, PA  17602 | : |
| | : |
| Plaintiffs | : CIVIL ACTION NO. _____ |
| | : |
| v. | : ASSIGNED TO JUDGE _____ |
| | : |
| CARLOS LANG | : |
| 734 Willie Varner Road | : |
| Shubuta, MS  39360 | : |
| | : |
| BROTHER'S GROUP, INC. | : |
| c/o Joseph E. Rebman | : |
| 165 Meramec Avenue | : |
| Suite 310 | : |
| St. Louis, MO  63105 | : |
| | : |
| DANIEL KING | : |
| 130 Del Mundo Street NW | : |
| Palm Bay, FL  32907 | : |

AAT CARRIERS, INC.                      :
111 East 8th Street                          :
Chattanooga, TN  37402                  :
                                        :
                    Defendants   :   JURY TRIAL DEMANDED

## COMPLAINT

AND NOW, comes the Plaintiffs, Ariel Rivera and Madeline Rivera, by and through their attorneys, Metzger, Wickersham, Knauss & Erb, P.C.,  and respectfully represent the following:

## FACTS APPLICABLE TO ALL COUNTS

1.     Plaintiffs, Ariel Rivera and Madeline Rivera, are adult individuals who reside at 336 North Marshall Street, Lancaster, Lancaster County, Pennsylvania.

2.     Defendant, Carlos Lang (hereinafter "Defendant Lang"), is an adult individual with a last known address of 734 Willie Varner Road, Shubuta, Mississippi.

3.     Defendant, Brother's Group, Inc. (hereinafter "Defendant Brother's"), is a Missouri corporation with an office and place of business at 513 East De Soto Avenue, Saint Louis, Missouri.

4.     Defendant, Daniel King (hereinafter "Defendant King"), is an adult individual with a last known address of 130 Del Mundo Street Northwest, Palm Bay, Florida.

5.     Defendant, AAT Carriers, Inc. (hereinafter "Defendant AAT"), is a Tennessee corporation with an office and place of business at 111 East 8th Street, Chattanooga, Tennessee.

6.     At all times herein and material hereto, Defendant Lang was the duly authorized agent, servant, workman and/or employee of Defendant Brother's, acting within the course and scope of his employment, and their authority and/or for a purpose and/or for the benefit of Defendant Brother's.

7.     At all times relevant hereto, and at the time of the accident described herein, Defendant Brother's, controlled and had a right to control the manner in which Defendant Lang, performed his employment duties, including the operation of his tractor-trailer on the highway and all other aspects of his employment.

8.     At all times herein and material hereto, Defendant King was the duly authorized agent, servant, workman and/or employee of Defendant AAT, acting within the course and scope of his employment, and their authority and/or for a purpose and/or for the benefit of Defendant AAT.

9.     At all times relevant hereto, and at the time of the accident described herein, Defendant AAT, controlled and had a right to control the manner in which Defendant King, performed his employment duties, including the operation of his tractor-trailer on the highway and all other aspects of his employment.

10.     This Court has jurisdiction of this action under 28 U.S.C. §1332, Diversity of Citizenship.

11.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

12.     The facts and circumstances hereinafter set forth occurred on February 25, 2021, at approximately 3:57 A.M. on Interstate 81 southbound, near mile marker 14, Guilford Township, Franklin County, Pennsylvania.

13.     At the aforesaid time and place, Defendant Lang was the operator of a 2005 Peterbilt tractor-trailer bearing Missouri License Plate No. 71AS4P.

14.     At the aforesaid time and place, the 2005 Peterbilt operated by Defendant Lang, was owned by Defendant Brother's.

15.     At the aforesaid time and place, Defendant King was the operator of a 2019 Volvo tractor-trailer bearing Tennessee License Plate No. M0946HY.

16.     At the aforesaid time and place, the 2019 Volvo operated by Defendant King, was owned by Defendant AAT.

17.     At the aforesaid time and place, Plaintiff, Ariel Rivera, was the operator of a 2014 Freightliner tractor-trailer bearing Iowa License Plate No. DB3320, owned by Foodliner, Inc. and was within the scope of his employment with Foodliner, Inc.

18.    At the aforesaid time and place, the vehicle operated by Defendant Lang was traveling south on Interstate 81, near mile marker 14, in Guilford Township, Franklin County, Pennsylvania.  Defendant Lang failed to negotiate a right hand curve in the roadway, lost control of the tractor-trailer and side-swiped the guide rail.  The impact caused the straps securing the load on the tractor trailer to fail and when Defendant Lang attempted to re-enter the roadway, the load, consisting of several metal cylinders and debris, landed onto the lanes of travel on the roadway.

19.    At the aforesaid time and place, Plaintiff, Ariel Rivera, was also traveling south on Interstate 81, near mile marker 14, in Guilford Township, Franklin County, Pennsylvania, behind the vehicle operated by Defendant Lang. As Plaintiff approached Lang on the side of the roadway, he struck metal cylinders and debris in the roadway.  Plaintiff, Ariel Rivera, pulled his vehicle off to the left side of the roadway, onto the shoulder, activated his hazard lights and exited his tractor in order to assess the damage to his tractor.

20.    Plaintiff, Ariel Rivera, while wearing a reflective work vest and carrying an illuminated flashlight, remained on the shoulder of the roadway at all times.

21.    At the aforesaid time and place, the vehicle operated by Defendant King was also traveling south on Interstate 81, near mile marker 14, in Guilford

Township, Franklin County, Pennsylvania, behind the vehicle operated by Plaintiff, Ariel Rivera.  Defendant King approached the accident scene, he struck the metal cylinders and debris in the roadway, lost control of his vehicle, continued to the left and struck Plaintiff, Ariel Rivera, who was standing outside his vehicle on the shoulder of the roadway.

## COUNT I
## Ariel Rivera v. Carlos Lang

22.    Paragraphs 1 through 21 hereof are incorporated herein by reference as if fully set forth.

23.    Defendant, Carlos Lang, either individually and/or jointly and severally, owed a duty to Plaintiff, Ariel Rivera, and other lawful users of the roadways in the Commonwealth of Pennsylvania to operate the vehicle he was driving in such a way as not to cause harm or damage to the Plaintiff.

24.    The aforesaid collision was the direct and proximate result of the negligence of the Defendant Lang, in operating the 2005 Peterbilt tractor-trailer in a careless and negligent manner as follows:

    a.    In failing to have the 2005 Peterbilt with trailer under proper and adequate control under the then existing circumstances;

    b.    In failing to use due care and caution or reasonable judgment under the conditions;

    c.    Failing to obey traffic control devices in violation of 75 Pa. C.S.A. §3111 and applicable law;

d.     Operating the 2005 Peterbilt with trailer in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S.A. §3714 and applicable law;

e.     In driving or moving a vehicle on a highway when the vehicle was not so constructed or loaded as to prevent any of its load from becoming loose, detached, dropping, sifting, leaking or otherwise escaping, becoming a hazard to other vehicles on the highway, in violation of 75 Pa. C.S.A. § 4903 and applicable law;

f.     In failing to familiarize himself with the roadways and his surroundings;

g.     In not paying attention to his surroundings or the load under his care, custody and/or control;

h.     In failing to keep the 2005 Peterbilt with trailer under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

i.     Driving while distracted;

j.     Driving at an unsafe speed with regard to the actual and potential hazards then existing in violation of 75 Pa.C.S. §3361 and applicable law;

k.     Driving at an unsafe speed when special hazards exist with respect to traffic and highway conditions in violation of 75 Pa.C.S. §3361 and applicable law;

l.     In operating the 2005 Peterbilt with trailer so as to create a dangerous situation for other vehicles on the roadway;

m.     Failing to be attentive to safely operate the 2005 Peterbilt with trailer;

n.     Operating the 2005 Peterbilt with trailer inattentively;

o.   Failing to drive the 2005 Peterbilt with trailer in a single lane and moving from the lane when he could not do so safely in violation of 75 Pa. C.S.A. §3309(1) and applicable law;

p.   Failing to drive at a safe speed for conditions including a curve, narrow or winding roadway and/or weather conditions in violation of 75 Pa. C.S.A. §3361 and applicable law;

q.   Over/under compensating at a curve in the roadway;

r.   Cutting the corner and losing control of the 2005 Peterbilt with trailer;

s.   Failing to slow down around the curve;

t.   Possibly operating the 2005 Peterbilt with trailer while using an interactive wireless communications device in violation of 75 Pa. C.S.A. §102 and 3316 and applicable law, to be determined;

u.   Possibly texting while driving in violation of 75 Pa. C.S.A. §1621 and 49 C.F.R. 392.80 and applicable law, to be determined;

v.   Operating the 2005 Peterbilt with trailer while using a handheld mobile telephone in violation of 75 Pa. C.S. §1622 and 49 C.F.R. 392.82 and applicable law;

w.   Failing to comply with commercial driver requirements in violation of §1601, et seq. and applicable law;

x.   Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

y.   In failing to operate the 2005 Peterbilt with trailer with a higher standard of care as required by a commercial driver;

z.   Operating the 2005 Peterbilt with trailer at an unsafe speed in violation of Part 392.6 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulations;

aa.    Failing to comply with the operating rules of Pennsylvania or of the U.S. Department of Transportation Federal Motor Carrier Safety Regulations in violation of 49 CFR §392.2;

bb.    Operating the 2005 Peterbilt with trailer unsafely under hazardous conditions in violation of 49 CFR §392.14;

cc.    Driving the 2005 Peterbilt with trailer when not qualified to do so in violation of 49 CFR §391.11;

dd.    Failing to have the knowledge and skills necessary to operate the 2005 Peterbilt with trailer safely in violation of 49 CFR §383.110; 49 CFR §383.111(a), (b), (c); and 49 CFR §383.113;

ee.    Failing to properly maintain and inspect the 2005 Peterbilt with trailer to ensure it was in a safe operating condition in violation of 49 CFR §392.7, §396.3 and 396.13;

ff.    Failing to take the necessary rest stops and abide by the hours of service requirements in violation of 49 C.F.R. §395.1, et seq.;

gg.    Failing to properly inspect the 2005 Peterbilt with trailer to make sure that all of the cargo was safely secured and properly loaded;

hh.    Failing to load the trailer on the 2005 Peterbilt such that said trailer remained safe and/or secure with respect to its reasonably intended and foreseeable operation on the roadways;

ii.    Negligently and carelessly loaded and/or packed the subject trailer in a vulnerable, unsecured, overloaded, unbalanced, and/or dangerous state which constituted a dangerous condition;

jj.    Failing to prevent the subject trailer from being overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

kk.  In allowing or permitting the subject trailer to be overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

ll.  Failing to have the loading process under proper and adequate control;

mm. Negligently loading the subject trailer;

nn.  In causing and/or permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced, and/or the unsecured state of the loading to exist and remain uncorrected;

oo.  In permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced loading, and/or the unsecured state of the loading to exist and remain when Defendant Lang knew or should have known of the existence and the danger involved;

pp.  Failing to exercise reasonable care over the manner in which the loading was performed and/or operated.

25.  As a direct and proximate result of the collision and the negligent and careless conduct of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, sustained and in the future may sustain, serious and debilitating injuries, some of which are or may be permanent, an aggravation and/or exacerbation of pre-existing conditions, and which include, but are not limited to, the following:

a.  Head pain/injury;
b.  Right elbow pain/injury;
c.  Right arm pain/injury;
d.  Right wrist pain/injury;
e.  Back pain/injury;

f.    Hip pain/injury;
g.    Pelvic pain/injury;
h.    Buttock pain/injury;
i.    Coccyx pain/injury;
j.    Right knee pain/injury;
k.    Leg pain/injury;
l.    Sciatica;
m.    Anxiety;
n.    Insomnia;
o.    Contusions/abrasions; and
p.    Post-traumatic stress disorder.

26.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, has undergone and in the future will undergo physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation, past, present and future loss of his ability to enjoy the pleasures of life and limitations in his pursuit of daily activities for which damages are claimed.

27.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, has and/or may in the future incur expenses for medical treatment, surgery and rehabilitation for which damages are claimed.

28.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, has and/or may in the future incur a loss of

income, a loss of future earning capacity, loss of future productivity, loss of household services, and other economic damages for which damages are claimed.

29.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, has sustained a permanent serious impairment which will require future medical treatment and medical appliances for which damages are claimed.

30.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, has and/or may in the future incur a loss of household services and other economic damages for which damages are claimed.

31.    As a direct and proximate result of the aforesaid collision and the negligence and carelessness of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, sustained incidental costs and losses to include, but not limited to, mileage and transportation costs, past and future medication costs and medical appliance costs for which all damages are claimed.

32.    As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant Lang, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, has been, or may in the future be, scarred, deformed and disfigured for which damages are claimed.

WHEREFORE, Plaintiff, Ariel Rivera, demands judgment in his favor and against Defendant Lang, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT II
## Ariel Rivera v. Brother's Group, Inc.

33.    Paragraphs 1 through 32 hereof are incorporated herein by reference as if fully set forth.

34.    At all times relevant hereto, Defendant Lang, was an employee, servant, workman and/or agent of Defendant Brother's, and was acting within the scope of his employment with Defendant Brother's.  Defendant Brother's, either individually and/or jointly and severally, is therefore vicariously liable for his acts, commissions or omissions as though it performed the acts, commissions or omissions itself and is subject to the doctrine of respondeat superior.

35.    In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant Brother's, either individually and/or jointly and severally, was also negligent and careless as follows:

a.    Failing to properly train its employees, servants, workmen and/or agents in the operation of its vehicles;

b.    Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its vehicles;

c.    Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its vehicles;

d.    Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its vehicles;

e.    Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its vehicles;

f.    Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its vehicles by its employees, servants, workmen and/or agents;

g.    Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.    Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.    Failing to properly inspect the 2005 Peterbilt with trailer to make sure that all of the cargo was safely secured and properly loaded;

j.    Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its vehicle, due to lack of training, licensing and/or prior unsafe driving;

k.    Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of

Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

l.      Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

m.    Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

n.     Failing to enforce its employee manuals and/or training procedures;

o.     Failing to enforce both the written and unwritten policies of Brother's Group, Inc.;

p.     Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of Brother's Group, Inc.;

q.     Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

r.     Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code;

s.     Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

t.     Failing to use a high degree of care as a commercial carrier in the operation of its vehicle;

u.    Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

v.    Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

w.    Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13;

x.    Failing to load the trailer on the 2005 Peterbilt such that said trailer remained safe and/or secure with respect to its reasonably intended and foreseeable operation on the roadways;

y.    Negligently and carelessly loaded and/or packed the subject trailer in a vulnerable, unsecured, overloaded, unbalanced, and/or dangerous state which constituted a dangerous condition;

z.    Failing to prevent the subject trailer from being overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

aa.    In allowing or permitting the subject trailer to be overloaded, unbalanced, improperly loaded, and/or otherwise negligently loaded;

bb.    Failing to have the loading process under proper and adequate control;

cc.    Negligently loading the subject trailer;

dd.    In causing and/or permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced, and/or the unsecured state of the loading to exist and remain uncorrected;

ee.    In permitting the vulnerability, overloading, improper loading, negligent loading, unbalanced loading, and/or the unsecured state of the loading to exist and remain when Defendant Lang

knew or should have known of the existence and the danger involved; and

ff.   Failing to exercise reasonable care over the manner in which the loading was performed and/or operated.

36.   As a result of the aforesaid negligence and carelessness of Defendant Brother's, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Ariel Rivera, demands judgment in his favor and against Defendant, Brother's Group, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## <u>COUNT III</u><br><u>Ariel Rivera v. Daniel King</u>

37.   Paragraphs 1 through 36 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

38.   Defendant King owed a duty to Plaintiff, Ariel Rivera, and other lawful users of the roadways in the Commonwealth of Pennsylvania to operate the

vehicle he was driving in such a way as not to cause harm or damage to said other persons and to the Plaintiff, Ariel Rivera, in particular.

39.     The aforesaid collision was the direct and proximate result of the negligence of the Defendant King, either individually and/or jointly and severally, in operating the 2019 Volvo tractor-trailer in a careless and negligent manner as follows:

   a.     Failing to observe the roadway ahead for the presence of stopped vehicles and/or debris;

   b.     Failing to observe Plaintiff, Ariel Rivera, on the shoulder of the highway;

   c.     Failing to take the necessary precautions in light of the previous accident and the vehicles and pedestrians on the roadway;

   d.     Failing to slow or stop the 2019 Volvo tractor-trailer he was operating so as to avoid striking Plaintiff, Ariel Rivera;

   e.     Failing to maintain and stop the 2019 Volvo tractor-trailer he was operating within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361 and applicable law;

   f.     Failing to apply the brakes to the 2019 Volvo tractor-trailer he was operating or take other evasive action to avoid striking the Plaintiff, Ariel Rivera;

   g.     Failing to give warning to Plaintiff, Ariel Rivera, of his impending collision with Plaintiff, Ariel Rivera;

   h.     In driving off the roadway onto the shoulder;

   i.     Operating the 2019 Volvo tractor-trailer in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S.A. §3714 and applicable law;

j.    Failing to keep the 2019 Volvo tractor-trailer under proper and adequate control so as not to expose other users of the roadway to an unreasonable risk of harm;

k.    Operating the 2019 Volvo tractor-trailer too fast for the conditions existing at the aforesaid time and place in violation of 75 Pa. C.S.A. §3361 and applicable law;

l.    Exceeding the applicable maximum speed limit in violation of 75 Pa. C.S.A. §3362 and applicable law;

m.    Failing to keep alert and maintain a proper lookout for the presence of pedestrians on the streets and highways;

n.    Failure to yield to Plaintiff, Ariel Rivera;

o.    Operating the 2019 Volvo tractor-trailer at an unsafe speed with respect to special hazards existing by reason of the highway conditions and the previous accident;

p.    Driving in an unsafe manner in light of the traffic conditions;

q.    Failing to take appropriate precautions in light of an emergency situation;

r.    Failing to operate the 2019 Volvo tractor-trailer with a higher standard of care as required by a commercial driver;

s.    In not paying attention to his surroundings;

t.    Failing to proceed with caution while traveling through the scene of the previous accident;

u.    Operating the 2019 Volvo tractor-trailer while fatigued;

v.    Operating the tractor-trailer at an unsafe speed in violation of 49 CFR §392.6;

w.  Failing to comply with the operating rules of Pennsylvania or of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in violation of 49 CFR §392.2;

x.  Operating the tractor-trailer in an unsafe condition in violation of Part 396.7 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation;

y.  Operating the tractor-trailer while tired, fatigued and/or under a physical or mental condition that impaired his ability to safely operate the vehicle in violation of 49 CFR §392.3;

z.  Operating the tractor-trailer, or failing to take the necessary precautions under hazardous conditions in violation of 49 CFR §392.14;

aa.  Driving the tractor trailer when not qualified to do so in violation of 49 CRF §391.11;

bb.  Failing to have the knowledge and skills necessary to operate the tractor trailer safely in violation of 49 CFR §383.110; 49 CFR §383.111(a), (b), (c); and 49 CFR §383.113;

cc.  Failing to have an adequate brake system on the tractor trailer in violation of 49 CFR §393.40;

dd.  Failing to properly maintain and inspect the tractor trailer to ensure it was in a safe operating condition in violation of 49 CFR §396.3 and §396.13;

ee.  Operating the tractor-trailer while using an interactive wireless communications device in violation of 75 Pa. C.S.A. §3316 and applicable law;

ff.  Texting while driving in violation of 75 Pa. C.S.A. §1621 and 49 CFR §392.80;

gg.  Operating the tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and 49 CFR §392.82; and

hh.    Failing to comply with commercial driver requirements in violation of 75 Pa. C.S.A. §1601 to §1620 and applicable law.

40.    As a result of the aforesaid negligence and carelessness of Defendnat King, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Ariel Rivera, demands judgment in his favor and against Defendant, Daniel King, either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT IV
## Ariel Rivera v. AAT Carriers,  Inc.

41.    Paragraphs 1 through 40 hereof are incorporated herein by reference as if fully set forth.

42.    At all times relevant hereto, Defendant King was an employee, servant, workman and/or agent of Defendant AAT and was acting within the scope of his employment with Defendant AAT.  Defendant AAT, either individually and/or jointly and severally, is therefore vicariously liable for his acts,

commissions or omissions as though it performed the acts, commissions or omissions itself pursuant to the doctrine of respondeat superior.

43.     In addition to being vicariously liable for the acts of its employee, servant, workman and/or agent, Defendant AAT, either individually and/or jointly and severally, was also negligent and careless as follows:

a.     Failing to properly train its employees, servants, workmen and/or agents in the operation of its tractor-trailers;

b.     Failing to provide its employees, servants, workmen and/or agents with proper directions before allowing them to operate its tractor-trailers;

c.     Failing to ensure that its employees, servants, workmen and/or agents are familiar with the roadways and route of travel before allowing them to operate its tractor-trailers;

d.     Failing to properly supervise or control its employees, servants, workmen and/or agents while they are operating its tractor-trailers;

e.     Hiring and/or retaining employees, servants, workmen and/or agents who may be unfit or incompetent to operate its tractor-trailers;

f.     Failing to have in place proper procedures, rules, regulations, protocols or safety measures to ensure that other motorists are not endangered by the operation of its tractor-trailers by its employees, servants, workmen and/or agents;

g.     Sending out its employee, servant, workman and/or agent for an errand or job without proper instructions, directions and guidance;

h.    Failing to take proper precautions to protect Plaintiff and other lawful users of the roadway from the negligent and careless actions of its employees, servants, workmen and/or agents;

i.    Allowing an employee, servant, workman and/or agent who is incompetent to safely drive its tractor-trailer, due to lack of training, licensing and/or prior unsafe driving;

j.    Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while texting in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.80;

k.    Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a hand-held mobile telephone in violation of Part 392 of the U.S. Department of Transportation Federal Motor Carrier Safety Regulation in particular 49 CFR §392.82;

l.    Allowing an employee, servant, workman and/or agent to text while driving in violation of 75 Pa. C.S.A. §1621 and applicable law;

m.    Failing to enforce its employee manuals and/or training procedures;

n.    Failing to enforce both the written and unwritten policies of AAT Carries, Inc.;

o.    Failing to ensure that its employees, servants, workmen, agents and/or contractors were aware of and complied with the written and unwritten policies of AAT Carries, Inc.;

p.    Failing to ensure that its management personnel and drivers were aware of the requirements and the dictates of the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Tractor-trailer Code;

q.    Failing to ensure that its employees, servants, workmen, agents and/or contractors complied with the provisions of the Federal

Motor Carrier Safety Regulations and the Pennsylvania Motor Tractor-trailer Code;

r.    Allowing an employee, servant, workman and/or agent to operate his/her/their tractor-trailer while using a handheld mobile telephone in violation of 75 Pa. C.S.A. §1622 and applicable law;

s.    Failing to use a high degree of care as a commercial carrier in the operation of its tractor-trailer;

t.    Failing to have an adequate brake system on the tractor-trailer in violation of 49 CFR §393.40;

u.    Violating equipment standards in violation of 75 Pa. C.S.A. §4107 and applicable law;

v.    Failing to properly maintain and inspect the tractor-trailer to ensure it was in safe operating condition in violation of 49 CFR §396.3 and §396.13;

w.    Having commercial vehicle operators who do not have the required knowledge or skill to safely operate its vehicles in violation of 49 C.F.R. §383.110-383.113;

x.    Allowing its employee, servant, workman and/or agent to operate its vehicle in careless disregard for the safety of persons and/or property in violation of 75 Pa. C.S. §3714 and applicable law;

y.    Allowing its employee, servant, workman and/or agent to operate its vehicle while tired, fatigued and/or under a physical or mental condition that impaired its driver's ability to safely operate the vehicle in violation of 49 CFR §392.3 and applicable law;

z.    Allowing its employee, servant, workman and/or agent to operate its vehicle while distracted;

aa.  Failing to ensure the carriers with whom they contract or ship with that they provide competent drivers to ship its goods and not endanger other motorists;

bb.  Failing to instruct its employee, servant, workman and/or agent to not operate the vehicle while distracted;

cc.  Negligently entrusting a motor vehicle to an individual who had not been properly trained in the operation of its motor vehicle;

dd.  Failing to properly train and/or enforce its rules on the proper precautions to take when drivers encounter hazardous conditions on the roadway;

ee.  Allowing drivers to violate hours of service requirements or exceed maximum highway speeds in violation of State and Federal Motor Vehicle Carrier Regulations.

ff.  Failing to train and instruct Defendant King on what to do in emergency situations; and

gg.  Failing to train and instruct Defendant King on what to do when approaching, entering, and/or passing through an active motor vehicle accident scene.

44.   As a result of the aforesaid negligence and carelessness of Defendant AAT, either individually and/or jointly and severally, Plaintiff, Ariel Rivera, sustained the aforesaid damages.

WHEREFORE, Plaintiff, Ariel Rivera, demands judgment in his favor and against Defendant, AAT Carriers, Inc., either individually and/or jointly and severally, for the aforesaid damage which exceeds Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT V
## Madeline Rivera v. Carlos Lang

## LOSS OF CONSORTIUM

45.    Paragraphs 1 through 44 hereof are incorporated herein by reference as if fully set forth.

46.    During all relevant times Plaintiffs, Ariel Rivera and Madeline Rivera, were husband and wife, and solely as a result of the collision, the aforesaid negligence and carelessness of Defendant, Carlos Lang, either individually and/or jointly and severally, and as a result of the injuries to Plaintiff, Ariel Rivera, the Plaintiff, Madeline Rivera, has been deprived of the assistance, companionship, consortium and society of her husband and has lost his services to her which may continue indefinitely.

WHEREFORE, Plaintiff, Madeline Rivera, demands judgment in her favor and against Defendant, Carlos Lang, either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT VI
## Madeline Rivera v. Brother's Group, Inc.

## LOSS OF CONSORTIUM

47.    Paragraphs 1 through 46 hereof are incorporated herein by reference as if fully set forth.

48.    During all relevant times Plaintiffs, Ariel Rivera and Madeline Rivera, were husband and wife, and solely as a result of the collision, the aforesaid negligence and carelessness of Defendant, Brother's Group, Inc., either individually and/or jointly and severally, and as a result of the injuries to Plaintiff, Ariel Rivera, the Plaintiff, Madeline Rivera, has been deprived of the assistance, companionship, consortium and society of her husband and has lost his services to her which may continue indefinitely.

WHEREFORE, Plaintiff, Madeline Rivera, demands judgment in her favor and against Defendant, Brother's Group, Inc., either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT VII
## Madeline Rivera v. Daniel King

## LOSS OF CONSORTIUM

49.    Paragraphs 1 through 48 hereof are incorporated herein by reference as if fully set forth.

50.    During all relevant times Plaintiffs, Ariel Rivera and Madeline Rivera, were husband and wife, and solely as a result of the collision, the aforesaid negligence and carelessness of Defendant, Daniel King, either individually and/or jointly and severally, and as a result of the injuries to Plaintiff, Ariel Rivera, the Plaintiff, Madeline Rivera, has been deprived of the assistance, companionship, consortium and society of her husband and has lost his services to her which may continue indefinitely.


WHEREFORE, Plaintiff, Madeline Rivera, demands judgment in her favor and against Defendant, Daniel King, either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

## COUNT VIII
## Madeline Rivera v. AAT Carriers, Inc.

## LOSS OF CONSORTIUM

51.    Paragraphs 1 through 50 hereof are incorporated herein by reference as if fully set forth.

52.    During all relevant times Plaintiffs, Ariel Rivera and Madeline Rivera, were husband and wife, and solely as a result of the collision, the aforesaid negligence and carelessness of Defendant, AAT Carriers, Inc., either individually and/or jointly and severally, and as a result of the injuries to Plaintiff, Ariel Rivera, the Plaintiff, Madeline Rivera, has been deprived of the assistance, companionship, consortium and society of her husband and has lost his services to her which may continue indefinitely.


WHEREFORE, Plaintiff, Madeline Rivera, demands judgment in her favor and against Defendant, AAT Carriers, Inc., either individually and/or jointly and severally, for the aforesaid damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, plus damages for delay, costs and interest incurred in this action.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.


By:   /s/ Zachary D. Campbell, Esquire
        Zachary D. Campbell, Esquire
        Attorney I.D. No. 93177
        2321 Paxton Church Road
        Harrisburg, PA 17110
        (717) 238-8187
        (717) 234-9478 (fax)
        zdc@mwke.com
Dated:        Attorney for Plaintiffs

## <u>UNSWORN DECLARATION UNDER PENALTY OF PERJURY</u>

I, Zachary D. Campbell, Esquire, hereby declare that I am the attorney for the Plaintiff and that the facts in the foregoing Complaint, are true and correct to the best of my knowledge, information, and belief.  I, Zachary D. Campbell, Esquire, further declare under the penalty of perjury that the foregoing is true and correct.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By:   /s/ Zachary D. Campbell, Esquire
       Zachary D. Campbell, Esquire
       Attorney I.D. No. 93177
       2321 Paxton Church Road
       Harrisburg, PA 17110
       (717) 238-8187
       (717) 234-9478 (fax)
       zdc@mwke.com
Dated:       Attorney for Plaintiffs